IN RE ESTATE OF KRAMER.

[Cite as In re Estate of Kramer, 1 Ohio Misc. 76.]

(No. 613267—Decided December 14, 1964.)

DETERMINATION OF SUCCESSION TAX: Probate Court of Cuyahoga County.

*Mr. Herbert B. Levine,* for the Estate.
*Mr. William Saxbe,* attorney general, *Miss Joan Zuber* and *Mr. James Gallas,* for the Tax Commissioner.

MERRICK, J. The question presented is whether an annuity contract by an employer of decedent, payable to the surviving spouse of the decedent in the amount of $150 per week for life, per agreement with decedent's employer, is a succession subject to Ohio Inheritance Tax.

Carrie Kramer survived Abraham Kramer, who at the time of his death was the employee. She is 72 years of age and is entitled to and is receiving the $150 per week provided by the agreement.

The estate of Kramer contends that since the decedent had no interest in, or any control over the payments to Mrs. Kramer upon his death, the receipt of such payments by Mrs. Kramer is not a taxable succession for Ohio Inheritance Tax purposes.

The Tax Commissioner contends that the annuity passed to Mrs. Kramer upon the death of Abraham Kramer and is taxable under Section 5731.02, Revised Code, since the benefit to which the widow comes into possession and enjoyment at the death of the decedent resulted from her husband's continued employment.

Section 5731.02 (C), Revised Code, reads as follows:

"(C) When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

(1) In contemplation of the death of the grantor, vendor, assignor, or donor;

(2) Intended to take effect in possession or enjoyment at or after such death;"

In short, the question presented is whether the right in question passed to Mrs. Kramer from her deceased husband or from the employer.

If the right passed to Mrs. Kramer from her deceased husband, it is taxable as a transfer to take effect in possession or enjoyment at or after death. If the right passed from the employer to Mrs. Kramer and her deceased husband had no property right or interest in the fund, no taxable succession passed to Mrs. Kramer. In order to have a tax, it is necessary to find that a property interest passed from the decedent which was intended to take effect in possession or enjoyment at or after death. *In re Estate of Daniel* (1953), 159 Ohio St. 109.

In the *Daniel case, supra,* the question presented was whether the portion of the profit sharing and pension trust of a corporate employer, credited to the account of the deceased employee, which was paid to his widow as his designated beneficiary, was a taxable succession as one intended to take effect in possession or enjoyment at or after his death. The employer made all the payments to the fund which was for the protection of the employees after the age of 65 years, and in addition, financial protection for the dependents of the employees. The payments were made by the employer to a trustee, who in turn allocated the contributions to the account of each specific employee. The company retained no rights in the fund; the employee had a right to the fund after 65 years of age, and it passed to his beneficiaries if he died prior to the age of 65. The Supreme Court held that the payment of the share of the deceased employee to his beneficiary, in accordance with the trust agreement, was a succession within the meaning of Section 5731.02, Revised Code, and was subject to tax.

Again, in *In re Estate of Patterson,* 89 Ohio Law Abs. 271 (Probate Court, Cuyahoga County), the Court found as follows:

"The proceeds of an annuity policy purchased by an employer under a retirement income plan where the resulting trust fund belongs to the employees, each being the owner of his allotted portion, although actual possession and control thereof is postponed pending severance, retirement or the death of the employee and paid to a designated beneficiary upon the death of the employee following his retirement are taxable under Section 5731.02, Revised Code, * * *."

The decedent employee had a vested right to have the policies assigned and delivered to him if his employment with the company should terminate prior to retirement. The annuities were purchased by the company on behalf of the decedent and he named his wife beneficiary and his two sons contingent beneficiaries.

The question in that case was whether the decedent had an interest or a right to the property which passed to the beneficiary upon his death. As the decedent had a right to the policies during his lifetime, his right passed upon his death to the beneficiary and the succession of this right to the beneficiary

was taxable to her as a transfer to take effect in possession or enjoyment at or after death. This was the basis for the holding by the court that the succession was a taxable one under Section 5731.02, Revised Code.

The Pennsylvania statute on this subject is similar to that of Ohio.

In the case of *Enbody Estate*, 85 Pa. D & C 49, the court found that the fund in question was contributed solely by the employer. The employee had no right whatsoever in the fund, it could never pass or revert to him and he could not encumber or assign the fund. His sole and only right was to name the beneficiary. Under these facts the Court held that the payment to the beneficiary was not subject to the tax, because the employee did not own or control the fund in question and did not make any transfer of property to the beneficiary. The mere right to name a beneficiary was not a property right which would render the fund the property of the decedent.

Similar reasoning was used in the case of *Dorsey Estate*, 366 Pa. 557. The court found that a fund to which the decedent had a present right whether he exercised it or not, but which he possessed and passed to his beneficiary on his death, was a taxable succession to the beneficiary.

In 1962 the Court of Appeals for Clark County, Ohio, in *In re Estate of Dolbeer*, 117 Ohio App. 517, had before it the question of a succession to the widow of an employee who by virtue of an employment contract between her husband and his employer, provided that in event of his death while he was employed by the company she was to receive a sum of money over a stipulated length of time. Again, the employee had the naked right to name the beneficiary, but he did not receive and could not acquire anything capable of ownership from the terms of the agreement. The employee possessed no individual right, legal or equitable, present or future. The court held that the property received by the widow came directly and exclusively from the company as a result of a contract for valuable consideration and this is not within the terms of the taxing statutes.

The court continued, "As a matter of fact, the rule of non-liability which followed insurance contracts prior to 1931 applies with equal force to similar contracts today and for the

same reasons: (1) The proceeds are not transferred by deed, grant, sale, assignment or gift and (2) the proceeds are not and never were the property of the decedent.''

''Money received by the widow of an employee upon his death, pursuant to a contract between such employee and his employer whereby for a valuable consideration such employer agreed to pay to the employee's beneficiary in the event of his death a sum of money for a stipulated length of time, is not a succession to the widow within the meaning of Sections 5731.01 and 5731.02, Revised Code, and is not subject to the succession tax.'' *In re Estate of Dolbeer, supra,* syllabus.

In view of the authorities quoted herein and applying the statutes involved, the question of law to be determined is whether a property right passed from the decedent to his widow upon his death. This court thinks not. The rights which passed to the successor upon the death of the decedent were the rights which the company owed to the successor. The only thing that passed to the beneficiary was something that had no existence until the death occurred.

The succession of the surviving spouse, under the terms of the agreement, is not a succession within the meaning of Sections 5731.01 and 5731.02, Revised Code, and is not subject to the succession tax of the state of Ohio.

The finding of the referee is confirmed and ordered reduced to judgment.

*Exceptions overruled.*